```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE SOUTHERN DISTRICT OF OHIO
                              EASTERN DIVISION
```

**IVAN DAVILA,**

        **Plaintiff,**

   **vs.**                                                **Civil Action 2:09-CV-407**
                                                          **Judge Sargus**
                                                           **Magistrate Judge King**

**LEONARD GRIMES,** *et al.***,**

        **Defendants.**

## OPINION AND ORDER

      This is a diversity action, removed from state court, in which plaintiff seeks recovery for personal injury and property damage sustained during the course of a motor vehicle accident allegedly caused by the defendant Leonard Grimes, while driving a vehicle owned by one or both of the other two Grimes defendants.  Plaintiff's medical provider is also a named defendant.  This matter is now before the Court on a discovery dispute that has arisen and the motions relating to that dispute.

      During the course of plaintiff's deposition, counsel for the Grimes defendants made inquiry regarding plaintiff's status in this country.  *See generally Deposition of Ivan Anesto Davila Astorga,* Doc. No. 35.  With the advice of his counsel, plaintiff refused to answer such questions based upon the Fifth Amendment protection against self incrimination.  The Grimes defendants filed a motion to compel response to these questions, Doc. No. 34, arguing that the inquiry is relevant to plaintiff's lost wage claim, and that the Fifth Amendment to the United States Constitution does not offer protection in connection with immigration or deportation proceedings, which are not criminal in nature.  *Id.*

In response, plaintiff filed a motion to strike the motion to compel, Doc. No. 38, and a motion to stay substantive response to the motion to compel pending resolution of the motion to strike, Doc. No. 37.

Plaintiff's motion to strike is utterly without merit. According to plaintiff, the motion to compel should be stricken from the record pursuant to the provisions of F.R. Civ. P. 12(f) because defendants have failed "to certify a U.S. and State of Ohio constitutional question" as required by F.R. Civ. P. 5.1. Doc. No. 38, at 1. However, Rule 5.1 of the Federal Rules of Civil Procedure requires notice upon a governmental entity by a party whose pleading, written motion or other paper "draw[s] into question the constitutionality of a federal or state statute. ..." F.R. Civ. P. 5.1(a). The motion to compel plaintiff's testimony, notwithstanding his invocation of the Fifth Amendment to the United States Constitution, has not "draw[n] into question the constitutionality of a federal or state statute." There is no basis for either requiring the Grimes defendants to provide notice pursuant to Rule 5.1 to the United States or to strike their motion to compel for failure to provide such notice.

Accordingly, plaintiff's motion to strike, Doc. No. 38, is **DENIED**.

Plaintiff shall have 14 days from the date of this order to make substantive response to the motion to compel.

**IT IS SO ORDERED.**

January 8, 2010          *s/Norah McCann King*
                          Norah M<sup>c</sup>Cann King
                   United States Magistrate Judge