IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IVAN DAVILA,
      Plaintiff,

v.
                                  Case No. 2:09-CV-407
                                  JUDGE EDMUND A. SARGUS, JR.
                                  MAGISTRATE JUDGE NORAH MCCANN KING

LEONARD GRIMES, et al.,
      Defendants.

## OPINION AND ORDER

Plaintiff Ivan Davila ["Plaintiff"] brings this action seeking recovery for personal injury

and property damage allegedly sustained as a result of a motor vehicle accident involving a semi-

tractor trailer operated by Defendant Leonard Grimes allegedly while in the course and scope of

employment by Defendants Grimes Trucking or Christopher Grimes, Sr. [collectively "the

Grimes Defendants"]. Plaintiff also names as defendants OhioHealth Corporation, his medical

provider, and John Does. Defendant OhioHealth asserts a counterclaim and a cross claim in

connection with unpaid medical care provided to Plaintiff. This action was originally filed in the

Court of Common Pleas for Franklin County, Ohio and was removed to this Court on the basis of

diversity jurisdiction, 28 U.S.C. § 1332. This matter is before the Court on the Grimes

Defendants' *Motion to Compel,* Doc. No. 34, and on Plaintiff's *Motion to Reconsider,* Doc. No.

47. For the reasons that follow, the *Motion to Compel* is granted and the *Motion to Reconsider* is

denied.

Plaintiff underwent deposition by the Grimes Defendants, during the course of which he

was asked about his immigration status. Plaintiff refused to answer the questions, invoking the

privilege against self-incrimination contained in Fifth Amendment to the United States

Constitution. In their *Motion to Compel*, the Grimes Defendants argue that the area of inquiry is

relevant to Plaintiff's lost wage claim and that the Fifth Amendment offers no protection in

connection with immigration or deportation proceedings.[1] The Grimes Defendants request that Plaintiff respond to "any and all questions concerning his visa status, immigration status, I-94 forms, instances of leaving and entering the United States and any other matters which may arise through Plaintiff's responses." *Motion to Compel*, p.1.

Plaintiff initially moved to strike the *Motion to Compel*, arguing that, because he had invoked the Fifth Amendment, the Grimes Defendants should have certified the issue to the federal and Ohio governments pursuant to F.R. Civ. P. 5.1.[2] On January 8, 2010, the United States Magistrate Judge denied Plaintiff's *Motion to Strike* as "utterly without merit," and directed Plaintiff to make substantive response to the *Motion to Compel*. *Opinion and Order*, p. 2, Doc. No. 46. In his *Motion to Reconsider*, Plaintiff responds substantively to the *Motion to Compel*, but also appears to seek reconsideration of the Magistrate Judge's order denying his *Motion to Strike*.

Because the Magistrate Judge's denial of Plaintiff's *Motion to Strike* is neither clearly erroneous nor contrary to law, *see* 28 U.S.C. §636(b); F.R.Civ.P. 72(b), to the extent that Plaintiff seeks reconsideration of that order, the *Motion to Reconsider* is without merit.

Plaintiff's *Motion to Reconsider* also opposes the Grimes Defendants' *Motion to Compel*. At the outset, the Court notes that the Grimes Defendants have demonstrated compliance with Fed. R. Civ. P. 37(a)(1).[3] Thus, the Court will consider the merits of the *Motion to Compel*.

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. CONST. Am. V. This privilege not only protects an individual involuntarily called as a witness against himself in a criminal prosecution, "but also privileges him not to answer official questions put to him in any other proceeding, civil or

---

[1]Plaintiff was apparently unemployed at the time of the accident.

[2]Rule 5.1(a) requires notice upon a governmental entity by a party whose pleading, written motion or other paper "draw[s] into question the constitutionality of a federal or state statute. ..."

[3]Rule 37 of the Federal Rules of Civil Procedure provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973). The Grimes Defendants argue that the privilege does not apply in this case because any future proceeding that Plaintiff is likely to face is civil, not criminal, in nature.

During the course of Plaintiff's deposition on September 1, 2009, it was revealed that a case involving Plaintiff is pending before an Immigration Court. *Deposition of Ivan Ernesto Davila Astorga*, pp. 16-17, Doc. No. 35. The Grimes Defendants characterize such a proceeding as a civil matter and argue that the Fifth Amendment does not shield Plaintiff from answering questions and producing documents regarding his immigration status. In making this argument, the Grimes Defendants refer to *Rajah v. Mukasey*, 544 F.3d 427 (2nd Cir. 2008). In *Rajah*, four individuals challenged deportation orders issued by the Board of Immigration Appeals following their participation in a Special Call-In Registration Program instituted in the aftermath of the terrorist attacks of September 11, 2001. The program required alien males over the age of 16 from certain countries who had not acquired permanent residency status to appear for registration and fingerprinting and present immigration related documents, including the I-94. Plaintiffs in *Rajah* challenged the program on several grounds and also argued that the production of immigration documents violated their Fifth Amendment privilege against self-incrimination.

The United States Court of Appeals for the Second Circuit concluded that the Fifth Amendment afforded no protection from having to answer questions and produce documents as to immigration status. The court reasoned, first, that the immigration documents were required to be kept by plaintiffs "pursuant to a civil regulatory regime," second, that the Call-In Program was a valid regulatory, not criminal, reporting program and, third, that answers as to immigration status required by the program were not "compelled" for purposes of the Fifth Amendment because "they were merely a condition on the continued receipt of an immigration benefit. . . ." *Rajah*, 544 F.3d at 442.

3

This Court concludes that *Rajah*, which involved immigration proceedings, is not dispositive of the issue presented in this tort action.[4] Nevertheless, the Court recognizes that Plaintiff's status in this country may impact his claim for lost future wages. In *Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137 (2002), the United States Supreme Court held that the National Labor Relations Board could not award backpay to an undocumented alien who had been terminated in violation of the National Labor Relations Act. Making specific reference to the Immigration Reform and Control Act, 8 U.S.C. § 1324a, which prohibits the employment of illegal aliens in the United States, the Supreme Court reasoned that such an award would "unduly trench upon explicit statutory prohibitions critical to federal immigration policy." *Id.* at 151. This Court acknowledges differences of opinion as to whether *Hoffman* applies in the context of an undocumented alien seeking lost wages, *i.e.*, projected future wages, in a tort action. Some jurisdictions have concluded that *Hoffman* precludes such an award. *See Veliz v. Rental Service Corp. USA, Inc.*, 313 F.Supp.2d 1317 (M.D. Fla. 2003); *Hernandez-Cortez v. Hernandez*, No. 01-1241, 2003 WL 22519678 (D. Kan. Nov. 4, 2003). Other courts have held that the impact of one's immigration status does not preclude recovery of a claim for lost wages. *See Madiera v. Affordable Hous. Found., Inc.*, 469 F.3d 219 (2nd Cir. 2006); *Hocza v. City of New York*, No. 06 CIV 3340, 2009 WL 124701 (S.D. N.Y. January 20, 2009); *Balbuena v. IDR Realty, LLC*, 6 N.Y.3d 338 (2006). The Court has found no relevant authority in either the Sixth Circuit or the State of Ohio.

However, this Court need not reach final resolution of the issue at this juncture.[5] At a minimum, it is clear that Plaintiff's immigration status is relevant to his claim for lost future wages. The discovery sought by the Grimes Defendant in this regard is therefore reasonably calculated to lead to the discovery of admissible evidence, *see* F.R.Civ.P. 26(b)(1), and is for that

---

[4]It seems clear that, in the context of an immigration proceeding, the Fifth Amendment would not foreclose inquiry as to an individual's status in this country.

[5]The issue can be raised and addressed at a later stage in this action, in the context of a motion for summary judgment.

4

reason an appropriate area of inquiry. Because Plaintiff has not identified any potential criminal liability to him arising out of his response to that discovery, the Court concludes that the Fifth Amendment does not protect him from that discovery.

The Grimes Defendants' *Motion to Compel* is therefore meritorious and Plaintiff's *Motion to Reconsider*, to the extent that it opposes the *Motion to Compel*, is without merit.

The Grimes Defendants' *Motion to Compel,* Doc. No. 34, is **GRANTED**; Plaintiff's *Motion to Reconsider*, Doc. No. 47, is **DENIED**. Plaintiff is **ORDERED** to forthwith appear for a continued deposition to answer questions regarding his immigration status.

4-29-2010
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**